## Hoff v. Kauffman.

*Practice, C. P. — Pleading — Statement of claim—Copies of documents—Setting forth evidence—Conclusions of law—Act of May 14, 1915.*

1. In construing the Practice Act of May 14, 1915, P. L. 483, the courts must construe its several provisions with a view to the circumstances of the particular case. There can be no arbitrary rule as to what constitutes a single material allegation.

2. A paragraph of the statement of claim may contain a single material allegation, and the same paragraph may also contain such allegations as may immediately modify, clarify or explain the material allegation.

3. A paragraph in a plaintiff's statement of claim cannot be charged with containing more than one material allegation, where such paragraph sets forth that, pursuant to an agreement averred in a former paragraph, plaintiff negotiated with a bank for the discount of a note and obtained the bank's assent, subject to the stipulated requirements set forth in the paragraph in question.

4. The act does not require that copies of notes, contracts, book entries. etc., shall be prepared as a separate exhibit and then attached to the statement. Such papers may be set forth in the body of the statement.

5. A statement of claim which contains in its body a copy of a contract and a copy of a notary's certificate of protest of a promissory note does not violate the provision of the act which forbids the inclusion in the statement of the evidence by which the allegations are to be proved.

6. A statement of claim is not fatally defective which contains an averment of the payment and purchase of an interest in a promissory note and the assignment and transfer thereof to the plaintiff, without setting forth a copy of the assignment.

7. An averment in a statement of claim that "by reason of the facts" alleged a certain sum is due from the defendant to the plaintiff is not objectionable. Plaintiff has a right to conclude logically and give a statement of the hypothesis upon which his suit is based.

Motion to strike off plaintiff's statement of claim. C. P. York Co., Jan. T., 1922, No. 10.

*Niles & Neff,* for plaintiff; *Stewart & Gerber,* for defendant.

Ross, J., Nov. 20, 1922.—This case was before us on an affidavit of defence raising questions of law and a motion for judgment against the plaintiff. In our opinion filed March 6, 1922, the motion for judgment was refused and defendant was required to file his affidavit of defence within fifteen days from that date: 35 York Leg. Record, 197. Instead of filing an affidavit of defence, the defendant filed the following motion on March 18, 1922:

"And now, March 18, 1922, the defendant, Allen Kauffman, by his attorneys, Stewart & Gerber, respectfully moves the court to strike off the plaintiff's statement filed Oct. 27, 1921, for the following reasons:

"1. The said statement is not a concise statement in summary form of the material facts, but contains, in addition thereto, evidence, inferences and conclusions of law in violation of section 5 of the Practice Act of 1915, and the facts are not paragraphed as required by said section of said Practice Act.

"2. The fifth paragraph of plaintiff's statement contains more than one material allegation of fact.

"3. The sixth paragraph contains, in addition to allegation of fact, a part of plaintiff's evidence, which should have been attached as an exhibit.

"4. The seventh paragraph contains a part of plaintiff's evidence, which should have been attached as an exhibit.

"5. The eighth paragraph contains more than one material allegation of fact.

"6. The ninth paragraph contains a portion of the plaintiff's evidence, which should have been shown as an exhibit attached to plaintiff's statement.

3 D. & C.

"7. The eleventh paragraph contains a part of plaintiff's evidence, which should have been shown as an exhibit.

"8. The fourteenth paragraph contains more than one material allegation, and the alleged assignment and transfer is not shown as an exhibit.

"9. The alleged assignment from C. K. Anderson to the plaintiff, averred in the fifteenth paragraph, is not shown or attached as an exhibit.

"10. The seventeenth paragraph is a conclusion of law and not a statement of fact."

The plaintiff's statement, questioned by the motion, is as follows:

"1. Plaintiff and defendant are both residents of said county.

"2. Plaintiff's demand is based upon contracts in writing and verbal agreements regarding the same, as hereinafter set forth.

"3. On, to wit, Jan. 20, 1916, and prior thereto, the defendant, Allen Kauffman, and the plaintiff, Carlton L. Hoff, together with George S. Schmidt, H. W. Hayden and John C. Schmidt, were directors and stockholders and interested in the promotion of the business of the Pullman Motor Car Company at York, Pennsylvania.

"4. Prior to Jan. 20, 1906, to wit, during the latter part of December, 1915, the said five persons, including the defendant, agreed that the plaintiff should negotiate for them with the First National Bank of Chicago, Illinois, for the purpose of obtaining loans and credits for the said Pullman Motor Car Company from the said First National Bank of Chicago, Illinois, upon the faith and credit of the said five persons, including the defendant, as guarantors to the said bank of any such loans made or credit given to the said Pullman Motor Car Company.

"5. Pursuant to said agreement in the preceding paragraph mentioned, plaintiff negotiated with the said First National Bank of Chicago and obtained the consent and promise that the said First National Bank of Chicago would discount the note of said Pullman Motor Car Company for $25,000, provided the said five persons, including the defendant, would execute a written guaranty, and provided a certain C. K. Anderson would also become a party to said guaranty, and the said C. K. Anderson agreed that he would become party to such instrument of guaranty for the accommodation of the said five persons, including the defendant, upon the condition that the said five persons, including the defendant, would indemnify and keep him, the said Anderson, free and harmless from any liability thereon, or upon any note of said Pullman Motor Car Company which he might endorse pursuant to said giving of credit or loan by said bank to said company.

"6. On or about Jan. 20, 1916, the plaintiff communicated to the said five persons, including the defendant, the facts set forth in the preceding paragraph regarding plaintiff's negotiations and arrangement with the said bank and the said Anderson, which the said five persons, including the defendant, confirmed, approved and ratified, and executed and delivered to the said First National Bank of Chicago, Illinois, a written instrument, Exhibit A, a true copy of which is as follows:

"'Exhibit A.

"'Individual or Corporation:

"'We hereby request the First National Bank of Chicago to give and continue to give to the Pullman Motor Car Company of York, Penna., credit as they may desire from time to time, and in consideration of all and any such credit given, we hereby guarantee prompt payment when due of any and all indebtedness now due or which may hereafter become due from Pullman Motor Car

Co. to said bank, howsoever created, or arising, or evidenced, to the extent of Twenty-five Thousand Dollars & No/100 Dollars, $25,000, and waive notice of the acceptance of this guaranty and of any and all indebtedness at any time covered by the same. This guaranty shall continue until written notice from us of the discontinuance thereof shall be received by said the First National Bank of Chicago.

" 'Chicago, Ill., Jan. 20, 1916.          " 'C. L. Hoff,
                                              Geo. S. Schmidt,
                                              H. W. Hayden,
                                              Allen Kauffman,
                                              John C. Schmidt,
                                              C. K. Anderson.'

"7. Thereafter, on or about July 12, 1916, said company executed, and John C. Schmidt, C. L. Hoff, H. W. Hayden and Geo. S. Schmidt endorsed, a note, Exhibit B, a true and correct copy of which is as follows:

" 'Exhibit B.

" 'No. 75754.                                                   $25,000.00.
                                " 'Chicago, Ill., July 12, 1916.

" 'On demand, we promise to pay to the order of the First National Bank of Chicago Twenty-five Thousand & No/100 Dollars, with interest at 5 per cent. per annum after date, at the office of said bank. Value received. In case of the insolvency of the undersigned, any indebtedness due from the legal holder hereof to the undersigned may be appropriated and applied hereon at any time, as well before as after the maturity hereof.

                    " 'Pullman Motor Car Company,
                    C. L. Hoff,          H. G. Jones,
                    By President.        By Treasurer.'

" 'Protested for non-payment Jan. 9, 1917. F. J. Turnes, Notary Public.
" 'Endorsements on back of note: John C. Schmidt, C. L. Hoff, H. W. Hayden, Geo. S. Schmidt, C. K. Anderson.

" 'Interest paid to July 31, 1916          Interest paid to Oct. 31, 1916
Interest paid to Aug. 31, 1916             Interest paid to Nov. 30, 1916
Interest paid to Sept. 30, 1916            Interest paid to Dec. 31, 1916

" 'Received on within note and interest to Feb. 6, 1917: Feb. 6, 1917, $6282.12; Feb. 6, 1917, $6282.12; Feb. 6, 1917, $6282.12; total, $18,846.36.
" 'Said payments being made by John C. Schmidt, Geo. S. Schmidt and C. L. Hoff, endorsers, on a/c after demand was made. A. P. Kempal.
" 'Received on within note and interest to Feb. 6, 1917: Feb. 6, 1917, $6282.12. Said payment being made by C. K. Anderson on a/c after demand was made. A. P. Kempal.
" 'Without recourse. First National Bank of Chicago. H. A. Haviland, Att'y. (Canceled 5c Documentary Stamp.)'

"8. On or about July 12, 1916, after the execution of said Exhibit B by said company and the endorsement thereof by said John C. Schmidt, C. L. Hoff, H. W. Hayden and Geo. S. Schmidt at York, Pennsylvania, said note was endorsed by C. K. Anderson at Chicago, discounted by said bank and the proceeds given or credited to said Pullman Motor Car Company, all in pursuance of the arrangements made as aforesaid by the plaintiff, and authorized, ratified and approved by the defendant before and at the time when, as aforesaid, said Exhibit A was delivered to said bank.
    3 D. & C.

"9. On or about Feb. 21, 1916, for the purpose of giving to said First National Bank of Chicago further security and arranging and providing for further credits and loans to said Pullman Motor Car Company, said John C. Schmidt, Carlton L. Hoff, the plaintiff, Allen Kauffman, the defendant, George S. Schmidt and H. W. Hayden executed and delivered to said First National Bank of Chicago a written instrument, Exhibit C, a true and correct copy of which is as follows:

"'*Exhibit C.*

"'Individual or Corporation:

"'We hereby request the First National Bank of Chicago to give and continue to give credit as we may desire from time to time, and in consideration of all and any such credit given, we hereby guarantee prompt payment, when due, of any and all indebtedness now due or which may hereafter become due from Pullman Motor Car Company to said bank, however created, or arising, or evidenced, to the extent of Seventy-five Thousand Dollars, $75,000, and waive notice of the acceptance of this guaranty and of any and all indebtedness at any time covered by the same. This guaranty shall continue until written notice from us of the discontinuance hereof shall be received by said the First National Bank of Chicago.

"'York, Penna., Feb. 21, 1916.

"'John C. Schmidt,
Carlton L. Hoff,
Allen Kauffman,
Geo. S. Schmidt,
H. W. Hayden.'

"10. Said Exhibits A and C were in the hands of the said First National Bank of Chicago when the said $25,000 note, Exhibit B, was discounted by it; and the said loan was made to the said Pullman Motor Car Company upon security and in consideration of said Exhibits A and C.

"11. On the 9th day of January, 1917, said $25,000 note, Exhibit B, was duly presented and demand made for payment according to its terms. Said note was unpaid by the maker, was duly protested, and due and timely notice given on said Jan. 9, 1917, to the endorsers thereon that the holder would look to them for payment; and the same was duly certified by the notary public, as appears by his certificate, a true and correct copy of which, Exhibit D, is as follows:

"'*Exhibit D.*

"'State of Illinois, Cook County, ss.:

"'Be it known that on this 9th day of January, in the year of our Lord one thousand nine hundred and seventeen, I, F. J. Turnes, notary public, duly commissioned and sworn, and residing in the City of Chicago, in said county and state, at the request of the First National Bank of Chicago, went with the original instrument, which is above attached, to the office of the First National Bank of Chicago, Ill., and presented it to the person in charge and demanded payment thereon, which was refused:

"'Whereupon, I, the said notary, at the request of the aforesaid, did protest, and by these presents do solemnly protest, as well against the makers of said instruments, the endorsers thereof, as all others whom it doth or may concern, for exchange, re-exchange and all costs, charges, damages and interest already incurred by reason of the non-payment of said instrument. And I, the said notary, do hereby certify that due notice of the protest aforesaid,

according to the statute of Illinois in this behalf, was put in the post-office of Chicago as follows:

" 'Notice for Pullman Motor Car Co., York, Pa.

" 'Notice for John C. Schmidt, York, Pa.

" 'Notice for H. W. Hayden, York, Pa.

" 'Notice for Geo. S. Schmidt, York, Pa.

" 'Notice for C. L. Hoff, care American Wire Fabric Co., York, Pa.

" 'Notice for C. K. Anderson, 208 S. La Salle St., Chicago, Ill., care American Wire Fabric Co.

" 'The above named places being the reputed places of residence respectively of the persons to whom such notice was directed.

" 'In testimony whereof, I have hereunto set my hand and affixed my official seal the day and year above written.

" 'F. J. Turnes, Notary Public.'

"12. On said 9th day of January, 1917, and ever since that date, and at the present time, said H. W. Hayden was and is wholly insolvent, and nothing has been or can be realized from him or his property or estate on account of said Exhibits A, B and C.

"13. Said Pullman Motor Car Company is insolvent, and nothing has been paid by it or can be collected from its estate or property on account of said Exhibit B, except 3 per cent., the total dividend in the distribution of the estate of said company.

"14. Upon the demand of said First National Bank of Chicago, the amount due upon said $25,000 note, Exhibit B, was paid as follows: Feb. 6, 1917, one-fourth thereof, $6282.12, by John C. Schmidt; Feb. 6, 1917, one-fourth thereof, $6282.12, by Geo. S. Schmidt; Feb. 6, 1917, one-fourth thereof, $6282.12, by C. L. Hoff; Feb. 7, 1917, one-fourth thereof, $6282.12, by C. K. Anderson.

"And said note, Exhibit B, and said instruments, Exhibits A and C, were by said bank delivered, and all of its right, title and interest therein duly assigned and transferred to said C. K. Anderson.

"15. On or about July 25, 1921, upon demand, Carlton L. Hoff, the plaintiff, paid to said C. K. Anderson said one-fourth of said $25,000 note paid by him as aforesaid to said bank, together with interest thereon, and said C. K. Anderson has delivered and assigned all of his right, title and interest in said note, Exhibit B, and said instruments, Exhibits A and C, to said plaintiff.

"16. Said plaintiff has paid two-fourths of the amount due upon said $25,000 note, Exhibit B, and as secured by and in accordance with the said instruments, Exhibits A and C.

"Said John C. Schmidt and Geo. S. Schmidt have each paid one-fourth thereof.

"Said defendant has paid nothing, and upon demand has refused to pay anything.

"17. By reason of the facts herein alleged, there is due and owing from the defendant to the plaintiff $6282.12, with interest from Feb. 7, 1917, and there are no items of set-off, counter-claim or defalcation justly, legally or equitably applicable thereto except $794.18, received as a dividend upon the said note from the estate of the said Pullman Motor Car Company on, to wit, Dec. 1, 1918."

As we said in an opinion filed Oct. 16, 1922, in the case of Shane Bros. & Wilson *v.* Painter, 36 York Leg. Record, 97, 1 D. & C. 734, in construing the "Practice Act, 1915," we must construe its several provisions with a view to

3 D. & C.

the circumstances of the particular case. "There can be no arbitrary rule as to what constitutes a single material allegation."

A paragraph may contain a single material allegation, and the same paragraph may contain such allegations as may immediately modify, clarify or explain the material allegation.

The evident intention of the legislature which enacted the statute called "Practice Act, 1915," was to simplify our method or style of pleading in civil cases, but section 5 of the act requires most careful scrutiny of a plaintiff's statement and makes it necessary that great care be taken in analyzing it, because it is a means by which a wily lawyer can wheedle an incautious and unsuspecting defendant into the admission of a statement adroitly interwoven with a material fact in one paragraph. Yet, if too strict a construction is placed upon section 5 of the act, the pleader can wilfully violate section 9 of the act and render a statement exceedingly perplexing. So we think the act should be construed liberally and beneficially, keeping constantly in view all the circumstances of the particular case as they appear in the plaintiff's statement and the mischief of former practice intended to be remedied, because, under the act, the defendant's affidavit of defence is the only plea which can be used to make the ultimate issue.

"A material allegation in a pleading is one essential to the claim or defence, and which could not be stricken from the pleading without leaving it insufficient."

Viewing the defendant's second reason under the foregoing principles, we are unable to see that paragraph 5 of plaintiff's statement contains more than one material allegation.

The fact, as alleged, appears to be that, pursuant to an agreement (before alleged as a fact), plaintiff negotiated with the First National Bank of Chicago to discount a note, and obtained the bank's assent, subject to the stipulated requirements mentioned in the paragraph.

There is but one salient fact stated in this paragraph, and it is so clearly stated that it can be answered in the same categorical way that it is stated.

The defendant's third "reason" is not reasonable. The plaintiff's statement, paragraph 6, contains a chronological statement of an act done in pursuance of the arrangement, alleged as a material fact in paragraph 5, and as the allegation was evidenced by a written agreement, a copy of the alleged contract is attached to and is there exhibited as the material fact. The act does not require that copies of the notes, contracts, book entries, &c., shall be prepared as a separate exhibit and then attached, but it says: "Every pleading shall have attached to it copies of all notes, contracts, book entries or a particular reference to the records of any court within the county in which the action is brought." It cannot be reasonably denied that the copy is attached and logically "exhibited."

This paragraph can be admitted or denied by defendant in an affidavit of defence.

The same reasoning applies to the defendant's fourth, fifth, sixth, seventh and eighth reasons.

We think that the paragraphs enumerated 8, 9 and 11 in plaintiff's statement do not offend against the "Practice Act, 1915."

The defendant's ninth reason cannot avail as a reason in support of the motion, for the paragraph excepted to is a plain allegation of material fact, the truth of which can be ascertained, and it is clearly susceptible of a respon-

sive answer by the defendant: See Buehler v. U. S. Fashion Plate Co., 269 Pa. 428.

The defendant's tenth reason is without merit. The plaintiff has a right to logically conclude and give the statement of the hypothesis upon which his suit is based. It is stated as an assumed fact.

And now, Nov. 20, 1922, the motion to strike off plaintiff's statement is overruled and defendant is required to file his affidavit of defence within fifteen days from this date.

From Richard E. Cochran, York, Pa.